UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | No. 3:20-CR-0575-X |
| | § | |
| JONATHAN DEAN DAVIS | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Jonathan Davis filed a Motion for a Bill of Particulars, claiming the allegations in his 13-count indictment are too vague to disprove.  (Doc. 15).  Davis also filed a motion for leave to file a reply.  (Doc. 22).  Both motions are ripe.  The Court **GRANTS** Davis's motion for leave to file a reply and **DENIES** the motion for a bill of particulars, which impermissibly seeks to discover the government's evidence or legal theories.

## I.     Facts

On November 18, 2020, a grand jury returned a 13-count indictment charging Davis with seven counts of wire fraud, in violation of 18 U.S.C. § 1343; two counts of aggravated identity theft and aiding and abetting, in violation of 18 U.S.C. §§ 1028A and 2; and four counts of money laundering and aiding and abetting, in violation of 18 U.S.C. §§ 1957 and 2.

Davis's motion for a bill of particulars seeks additional details for every count. The Court subsequently issued a protective order, and the government provided (lots of) discovery to Davis.

1

## II.      Legal Standard

Federal Rule of Criminal Procedure 7 requires that the "indictment . . . be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ."[1]  "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense."[2]  Generally, an indictment is sufficient if it "set[s] forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished."[3]  But when statutory words describe the offense generally, they "must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged."[4]

While a bill of particulars can't cure an indictment that falls short of this standard,[5] it can "cure omissions of details that might enable the defendant to prepare his defense[.]"[6]  "A bill of particulars is the appropriate remedy, if any, for

---

[1] FED. R. CRIM. P. 7(c)(1).

[2] *Hamling v. United States*, 418 U.S. 87, 117 (1974).

[3] *Id*. (quotation marks omitted).

[4] *Id*. at 117–18.

[5] *United States v. Panzavecchia*, 421 F.2d 440, 442 (5th Cir. 1970) ("While a Bill of Particulars can solve evidentiary problems it cannot unlock the Grand Jury's mind and cure a defective indictment.").

[6] *United States v. Haas*, 583 F.2d 216, 221 (5th Cir. 1978).

vague or indefinite language in an indictment."[7]  But the "defendant possesses no right to a bill of particulars[.]"[8]  Accordingly, the Court's discretion is such that a denial of a bill of particulars "can be reversed by [the Fifth Circuit] only upon demonstration that defendant was actually surprised at trial and thus incurred prejudice to his substantial rights by the denial."[9]

## III.   Analysis

First, the Court must resolve whether to entertain Davis's reply brief.  Davis argues the government did a data dump on December 28, 2020 of 2.2 million documents and nearly a terabyte of data that exacerbates the vagueness of the indictment.  The government responds that Davis is simply using discovery to rehearse the same arguments from his motion.  In an abundance of caution, the Court **GRANTS** Davis's motion for leave to file a reply and considers his reply when assessing his motion for a bill of particulars.

Davis's motion for a bill of particulars makes 17 requests for information.[10] The Court won't belabor the parties' arguments.  But the indictment is sufficiently

---

[7] *United States v. Smallwood*, 3:09-CR-249-D(07), 2011 WL 2784434, at *13 (N.D. Tex. July 15, 2011) (Fitzwater, C.J.).

[8] *United States v. Burgin*, 621 F.2d 1352, 1358 (5th Cir. 1980).

[9] *United States v. Diecidue*, 603 F.2d 535, 563 (5th Cir. 1979).

[10] Specifically, Davis wants a bill of particulars that:

1. Identifies each "false and fraudulent pretense, representation, and promise" referred to in paragraph 6 and 16 of the indictment;

2. Identifies each misrepresentation in the alleged "series of misrepresentations to fraudulently obtain VA approval for Retail Ready" referred to in paragraph 6 of the indictment;

3. Identifies each misrepresentation in the alleged "series of misrepresentations . . . to fraudulently induce veterans to enroll as students at Retail Ready" referred to in paragraph 6 of the indictment;

4. Explains what was meant by "unlawfully enrich himself through the receipt of tuition and fees under the GI Bill" in paragraph 6 of the indictment;

5. Identifies (a) the date, recipient, and content of each purported misrepresentation that is purportedly connected to a payment in paragraph 17 of the indictment and (b) how each payment in paragraph 17 is connected to each such misrepresentation;

6. Identifies (a) when, how, and by whom the identification information of the two students in paragraph 19 of the indictment was misused, (b) the date, recipient, and misrepresentations of the purported fraud to which the alleged misuse of the identification is related, and (c) the connection between the misuse of the identification and the fraud;

7. Identifies for each of the four counts of money laundering: (a) the acts or omissions constituting a violation of 18 U.S.C. § 1343 that generated the "criminally derived property" for that count of money laundering, (b) facts sufficient to establish each element of 18 U.S.C. § 1343 in connection with such acts or omissions, and (c) how the violation of 18 U.S.C. § 1343 is connected to the property identified in the count of money laundering;

8. Identifies the criminal acts or omissions that occurred after September 20, 2017;

9. Identifies the criminal acts or omissions that the Government contends occurred on May 13, 2013;

10. Identifies (a) the items in the financial statements that the Government contends to be incorrect; and (b) whether the Government contends that Mr. Davis knew those items to be incorrect and, if so, the basis for that contention;

11. Identifies the form submitted to the TWC and alleged statement in the form that is the basis for the allegations in paragraph 8;

12. Identifies where Mr. Davis "falsely certified to the TVC that Retail Ready had continuously operated as an education institution for the last two years";

13. States the factual basis for the allegation that, despite Exhibits 3 – 5 of Mr. Davis's declaration, "Retail Ready had never operated as an education institution and had existed for only 13 months";

14. Identifies (a) the specific content of each purported representation referred to in paragraph 12 of the indictment, (b) the person making each representation, (c) each recipient(s) of the representation, and (d) the basis for the contention that each representation is false;

15. Identifies how Mr. Davis purportedly "concealed" the amount of tuition and fees that RRCC would charge and from "whom" Mr. Davis purportedly "concealed" the information;

16. Identifies each act or omission by Defendant, including the date thereof, that purportedly supports the contention in paragraph 14 of the indictment; and

17. Identifies each and every transaction, including the amount and date thereof, that the Government contends should be included in the total set forth in paragraph 14.

(Doc. 15 at 17–19).

specific to put Davis on notice of what he is charged with and the facts and circumstances of the offenses—which will help him prepare his defense and minimize surprise at trial. This is all an indictment must do.[11]

Instead, Davis's 17 requests either seek the government's evidence or its legal theories. But this is not what a bill of particulars is for. The (old) Fifth Circuit has made clear that "[t]he purpose [of a bill of particulars] is not to provide detailed disclosure before trial of the Government's evidence."[12] Discovery solves the evidentiary concern.

Neither can the bill of particulars discover the government's legal theory before trial.[13] The Fifth Circuit has confirmed that a bill of particulars "is not designed to compel the government to . . . explain the legal theories upon which it intends to rely at trial."[14] The outlining of legal theories is for the opening of trial, not a bill of particulars. And in any event, the briefing on Davis's motions has given him more of a preview of the government's case than he is legally entitled to.

---

[11] *Hamling*, 418 U.S. at 117–18; *see also United States v. Sherriff*, 546 F.2d 604, 606 (5th Cir. 1977) ("The function of such a bill [of particulars] is to inform the defendant of the charge against him with enough precision that he can prepare his defense, and to avoid or at least minimize surprise at trial.").

[12] *Sherriff*, 546 F.2d at 606.

[13] For example, Davis's reply contends that more information is needed on the identity theft counts because Davis did not steal the identities of the listed individuals. The government's response to the motion for leave argues that misuse of lawfully appropriated identification constitutes an offense under Fifth Circuit interpretations of the identity theft statute. Previewing the government's legal arguments is not the purpose of a bill of particulars.

[14] *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980).

## IV.    Conclusion

For the foregoing reasons, the Court **GRANTS** Davis's motion for leave to file a reply and considers that briefing with his motion for a bill of particulars.  But the Court **DENIES** his motion for a bill of particulars.

**IT IS SO ORDERED** this 7th day of January, 2021.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

6