UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| v. | § § | No. 3:20-CR-0575-X |
| JONATHAN DEAN DAVIS | § § | |

## **MEMORANDUM OPINION AND ORDER**

This is a criminal case involving alleged counts of wire fraud and money laundering. The United States filed a Second Motion in Limine [Doc. No. 69], as did the Defendant [Doc. No. 81]. For the reasons below, the Court **DENIES** both motions as untimely.

## Discussion

The Court's initial Pretrial Order set this case for trial on February 1, 2021 and set the deadline for "all pretrial motions" twenty-one days before trial, effectively January 11, 2021.[1] Both sides initially complied with this deadline and filed motions in limine by the deadline. After this deadline expired, the Court issued an Amended Criminal Trial Scheduling Order that continued the trial for the ends the justice but did not establish a future deadline for motions in limine.[2] Therefore the deadline for motions in limine remained January 11, 2021. Sensing that Lazarus had risen from the grave, the United States filed a second motion in limine on March 8. And rather

---

[1] Doc. No. 12 at 1.

[2] Doc. No. 43. Because the ends of justice necessitated the trial continuance due to unique issues created by COVID-19, rather than any problem with the case, the Court did not require and did not order further development of pretrial limine issues.

1

than object to the motion as untimely, Davis followed suit with his own untimely second motion in limine on March 15. But two wrongs do not make a right, and March 8 and 15 are after January 11. Accordingly, the Court **DENIES** both motions as untimely.

The Court is, however, concerned by certain categories of evidence identified in the Defendant's motion, namely limine issues A, B, C,[3] E, and J.6.e.[4] The Government should signal its intent at trial to introduce evidence, testimony, or arguments related to these issues to allow for objection and evaluation before introduction.

**IT IS SO ORDERED** this 25th day of March, 2021.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[3] Issues A, B, and C generally involve evidence of third-party actions or statements being attributed to the Defendant.

[4] Specifically, evidence of payments received from the Department of Veterans Affairs for the purpose of proving money laundering.