UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | No. 3:20-CR-00575-X |
| | § | |
| JONATHAN DEAN DAVIS | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are the Government's seven motions to dismiss third-party petitions claiming an interest in Defendant Jonathan Dean Davis's forfeited property. The Government moves to dismiss the petitions of Retail Ready Career Center, Inc. [Doc. No. 254]; Clear Conscience, LLC [Doc. No. 255]; Melissa Richey [Doc. No. 257]; Tess A. Davis [Doc. No. 262]; William Don West [Doc. No. 263]; Jody Elaine Thomas [Doc. No. 265]; and Lake Forest Drive Properties, Inc. [Doc. No. 256]. The Government also moves to strike the petition of Jody Elaine Thomas [Doc. No. 264].[1]

For the reasons explained below, the Court **GRANTS** the Government's motions to dismiss and **DISMISSES AS MOOT** its motion to strike.

### I.     Factual Background

A jury convicted Davis on seven counts of wire fraud and three counts of money laundering, which arose from a scheme to defraud the VA. On September 1, 2021, this Court issued a preliminary order of forfeiture. It later stayed forfeiture as to the real property located at 14888 Lake Forest Drive, Dallas, Texas. However, the Court

---

[1] In its reply briefs to several motions, the Government moves to strike the third party's response because it was filed late. Because the Court is dismissing the claims it need not address the motions to strike.

1

noted that this property is subject to a motion by Dallas County [Doc. No. 214] and Lake Forest Drive Properties, Inc. [Doc. No. 218], and in accordance with Federal Rule of Criminal Procedure 32.2(d), noted that the stay does not delay any ancillary proceeding or the determination of a third party's rights or interests. Seven third parties filed petitions for adjudication of their interests in Davis's forfeited property. The Government now moves to dismiss each of the petitions.

## II.     Legal Standards

Third parties claiming an interest in forfeitable property may not intervene in the criminal trial or appeal and may not "commenc[e] a separate action against the United States on the basis of that party's interest in the property."[2] Thus, "[u]nder the [criminal forfeiture] statute, the only way in which a third party may assert an interest in the forfeited property is through an ancillary proceeding."[3]

There are only two ways in which a third party can prevail in the ancillary proceeding: "(1) it can establish priority over the interest of the United States by showing that it had an interest in the property superior to the defendant's interest at the time the defendant committed the crime, or (2) it can establish that it was a bona fide purchaser for value of the property, and, at the time of purchase, had no reason to believe that the property was subject to forfeiture."[4] The Fifth Circuit has held that these are the exclusive means by which a third party can prevail.[5]

---

[2] *United States v. Holy Land Found. for Relief & Dev.*, 722 F.3d 677, 684 (5th Cir. 2013) (citing 21 U.S.C. § 853(k), (n)).

[3] *Id.*

[4] *Id.*

[5] *United States v. Dong Dang Huynh*, 595 F. App'x 336, 338 (5th Cir. 2014).

2

The Court may dismiss a third party petition before a hearing or discovery for "lack of standing, for failure to state a claim, or for any other lawful reason."[6] "Motions to dismiss under this provision resemble Federal Rule of Civil Procedure 12(b) motions and are reviewed as such."[7] Therefore, "the court must "tak[e] all of the petitioner's allegations as true" and may dismiss the petition "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."[8]

Under Section § 853(n), "[t]he petition [must] be signed by the petitioner under penalty of perjury and [must] set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought."[9] "Courts have strictly construed the statutory requirements in order to discourage false or frivolous claims."[10] "If a third party fails to allege in its petition all elements necessary for recovery, including those relating to standing, the court may dismiss the petition without providing a hearing."[11]

---

[6] FED. R. CRIM. P. 32.2(c)(1)(A).

[7] *United States v. Stone*, 304 F. App'x 334, 336 (5th Cir. 2008).

[8] *Dong Dang Huynh*, 595 F. App'x at 338 (quoting *United States v. Alvarez,* 710 F.3d 565, 567 (5th Cir. 2013)).

[9] 21 U.S.C. § 853(n)(3); *see also United States v. Rafiq*, No. CV 4:16-CR-00243-O, 2017 WL 2992540, at *2 (N.D. Tex. June 26, 2017), *report and recommendation adopted*, No. CV 4:16-CR-00243-O, 2017 WL 2984079 (N.D. Tex. July 13, 2017).

[10] *Rafiq*, 2017 WL 2992540, at *2.

[11] *United States v. Martinez*, 228 F.3d 587, 589 (5th Cir. 2000) (quoting *United States v. BCCI Holdings (Luxembourg) S.A. (In re Petitions of General Creditors)*, 919 F. Supp. 31 (D.D.C. 1996); *see*

Petitioners must also have standing to challenge forfeiture. A third party petitioner lacks "standing to challenge the preliminary order's finding of forfeitability."[12] The purpose of the ancillary proceeding is "to ensure that the property is not taken from someone with a right to the property that is superior to the defendant."[13] Thus, "the touchstone for standing is the possession of a legal interest in the forfeited property."[14]

To state a claim under Section 853(n)(6)(A), the petitioner must allege that he had "a superior interest in the property at the time of the acts giving rise to the forfeiture."[15] This means that "a third party can never have a successful claim under § 853(n)(6)(A) if the property was the proceeds of an offense" because "the proceeds of an offense do not exist before the offense is committed, and when they come into existence, the government's interest under the relation-back doctrine immediately vests."[16] "[T]o qualify as a bona fide purchaser under [Section 853(n)(6)(B),], the

---

*also id.* (citing *United States v. Campos*, 859 F.2d 1233, 1240 (6th Cir. 1988) (holding that under 21 U.S.C. § 853 a district court is not required to hold a hearing or trial where claimants fail to allege or make a prima facie showing of a legal right, title, or interest in the forfeited property)).

[12] *Holy Land Found. for Relief & Dev.*, 722 F.3d at 690.

[13] *Id.* (quoting *United States v. Porchay*, 533 F.3d 704, 710 (8th Cir. 2008)).

[14] *United States v. Oregon*, 671 F.3d 484, 490 (4th Cir. 2012).

[15] *Dong Dang Huynh*, 595 F. App'x at 340; *see also United States v. Timley*, 507 F.3d 1125, 1130 (8th Cir. 2007) ("[A] third party who had a legal interest in the forfeited property before the underlying crime was committed can prevail in the ancillary proceeding on the ground that he had an interest in the property before the government's interest vested." (citing *United States v. Nava*, 404 F.3d 1119, 1129 (9th Cir. 2005))).

[16] *Timley*, 507 F.3d at 1130 (citing *United States v. Hooper*, 229 F.3d 818, 821–22 (9th Cir. 2000)).

claimant must have given value in exchange for property."[17] This provision "is applicable only to *purchases* of the forfeiter's interest in the asset."[18]

### III.  Analysis

#### A.  Tess Davis

Tess A. Davis filed a third-party petition for adjudication of her interest in the following forfeited property: (1) up to $88,229.62 in equity plus appreciation in real property located at 195 North 200 West, Logan, Utah, and (2) up to $84,929.75 in equity plus appreciation in real property located at 1408 West 2125 South, Wellsville, Utah. [Doc. No. 222].  Davis's petition apparently bases her interest in this property on her status as managing member of Clear Conscience, LLC (Clear Conscience). Although Davis alleges that Clear Conscience is the sole owner of and has legal title to both properties, she also states that she contributed capital to Clear Conscience that was used to purchase these properties.  Therefore, she contends that she was a bona fide purchaser for value of the interest in these properties by way of her membership interest in Clear Conscience.

The Government moves to dismiss her petition for lack of standing and failure to state a claim.  The Government argues that Davis lacks standing as a shareholder or member of Clear Conscience and that she has failed to allege facts that establish that she held superior title to or was a bona fide purchaser of the property.

---

[17] *United States v. White*, 306 F. App'x 838, 840 (5th Cir. 2007).

[18] *Id.* at 841 (citing *United States v. Soreide*, 461 F.3d 1351, 1354 (11th Cir. 2006) ("That provision exists only to protect subsequent purchasers of '*the defendant's interest'* in an asset.")).

The Court finds that Davis lacks standing to file the third party petition as the managing member of Clear Conscience.  Numerous courts have held that members of LLC's do not have standing to challenge the forfeiture of the LLC's assets.[19]  Davis cites generally to the Utah Revised Uniform Limited Liability Company Act for the proposition that "managing members in LLCs formed in Utah have all of the authority and powers granted under the [Act]." [20]  But this does not prove that the Act grants her an individual interest in the LLC's property as its managing member.  Nor does she point to any other authority refuting the Government's position.  Davis has alleged no facts establishing that she personally has an interest in the property; she has only alleged that she has an interest in Clear Conscience, the entity that owns the property.  Therefore, she lacks standing, and the Court **GRANTS** the Government's motion to dismiss Tess A. Davis's petition.

### B.     William Don West

William Don West filed a petition for adjudication of his interest in up to $88,229.62 in equity plus appreciation in real property located at 195 North 200 West, Logan, Utah.  He claims that he has an interest in the property as a judgment creditor and lienholder based on a loan in the amount of $80,000.00, made to Clear

---

[19] *See United States v. Haning*, No. 4:18 CR 139 RWS, 2020 WL 4759948 (E.D. Mo. Aug. 14, 2020); *Ltd. Liability Co. 4:1, Nature of Membership Interest* (2021 ed.) ("All LLC statutes provide that a membership interest in an LLC is the member's personal property, and members generally have been found to have no interest in the LLC's assets; this includes, members who own all the interests in single member LLCs."); *see also United States v. Petters*, 857 F. Supp. 2d 841, 845 (D. Minn. 2012) ("To have standing, therefore, [the petitioner] must establish a legal interest in . . . the property that was subject to forfeiture—rather than an interest in the LLC that, in turn, owned it."); *United States v. Emor*, No. 10–0298, 2013 WL 3005366, at *8 (D.D.C. June 18, 2013), *aff'd in part, rev'd in part*, 785 F.3d 671 (D.C. Cir. 2015).

[20] Doc. No. 282 at 4 n.15 (citing Utah Code § 48-3a-101 *et seq.*).

Conscience, LLC, and pursuant to a promissory note and security agreement executed on April 7, 2017, by Tess Davis.

The Government moves to dismiss the petition for failure to state a claim and for lack of standing. The Government argues that West has failed to state a claim because he has failed to state the nature and extent of his interest in the portion of the property that is subject to forfeiture. The Court ordered forfeiture of $88,229.62 in equity plus appreciation in the property, which was the portion of the property purchased with fraudulent funds. West bases his interest on a note for $80,000 that he contributed to Clear Conscience. However, as the Government notes, it already took this loan of $80,000 into account and labeled it as "other funds." The petition states generally that West claims a lien on the house, but as the Government notes, the Government is not seeking forfeiture for the portions of the property purchased with non-fraudulent funds, and West's petition makes no differentiation between the portion of the property purchased with fraudulent funds and non-fraudulent funds. Section 853(n) requires the petitioner to show that he has a legal interest "in property which has been forfeited to the United States."[21] West has not done so.[22]

---

[21] 21 U.S.C. §853(n)(2).

[22] *See Martinez*, 228 F.3d at 589 ("If a third party fails to allege in its petition all elements necessary for recovery, including those relating to standing, the court may dismiss the petition without providing a hearing." (quoting *BCCI Holdings (Luxembourg) S.A.*, 919 F. Supp. at 36)); *see also* Doc. No. 281 at 5 (West's response to the Government's motion, seemingly admitting this fact, stating, "Petitioner's interest in the Subject Property has no connection not any purported fraudulent proceeds- [sic] according to the Government, 'Clean/other funds totaling $95,081.11 were used to purchase this house', [sic] and such funds were identified as the funds loaned to Tess A. Davis, and the capital contribution Tess A. Davis made to Clear Conscience, LLC, which purchased the Subject Property.").

West does not state under which provision of Section 853(n)(6) he is seeking relief. But the Court finds that he has failed to allege facts showing that he is entitled to relief under either prong. His petition alleges that his notice of lien was recorded before the seizure of the property, apparently claiming a superior interest in the property. But the Court does not look to the petitioner's interest at the time the property was seized. Instead, the Court looks to the petitioner's interest at the time of the commission of the acts which gave rise to the forfeiture of the property.[23] The acts which gave rise to the forfeiture, Davis's fraudulent scheme to defraud the VA, began in 2013.[24] West has alleged no facts that he holds such a superior interest. Nor can West be a bona fide purchaser for value as a lien holder.[25]

Therefore, the Court finds that West's petition has failed to state a claim and **GRANTS** the Government's motion to dismiss West's petition.

### C. Jody Elaine Thomas

Jody Elaine Thomas filed a third party petition for adjudication of her interest in up to $88,229.62 in equity plus appreciation in real property located at 195 North

---

[23] *Dong Dang Huynh*, 595 F. App'x at 340 n.1 ("[Section] 853(n)(6)(A) asks whether the petitioner had a superior interest in the property at the time of the acts giving rise to the forfeiture.").

[24] *See* Doc. No. 107 at 2–4 (superseding indictment charging Davis with devising and executing a scheme to defraud from on or about May 13, 2013 to December 13, 2019); Doc. No. 204 at 4 (noting that the jury necessarily concluded that Davis devised the scheme to defraud that VA and Retail Ready students); *Dong Dang Huynh*, 595 F. App'x at 339 (affirming a dismissal of a petition that did not allege an interest before conspiracy began).

[25] *United States v. BCCI Holdings, Luxembourg, S.A.*, 69 F. Supp. 2d 36, 62 (D.D.C. 1999) ("A creditor who attempts to satisfy the debt by obtaining a judgment lien, or exercising a right of set-off, against specific property is not a bona fide purchaser of that property because he has given nothing of value in exchange for the property interest.").

200 West, Logan, Utah. She alleges that her interest in the property is a life estate that Tess Davis granted to her on or about January 1, 2016.

The Government moves to dismiss Thomas's petition for failure to state a claim and for lack of standing. Thomas's petition does not state under which provision she claims relief, nor does her response to the Government's motion to dismiss. But Section 853(n)(6) provides the two *exclusive* ways a petitioner can prevail.[26] The Court finds that she has failed to state a claim under either provision.

First, Thomas's petition fails to state a claim under Section 853(n)(6)(A). It fails for similar reasons that West's petition failed. Thomas alleges an interest in the whole property but does not state her interest in the specific forfeited funds. And further, she does not state any facts or allege that she has an interest superior to the Government's. As noted above, Davis's fraudulent scheme, the act which gave rise to the forfeiture, began in 2013. But Thomas alleges that her interest attached in 2017. Thus, she has failed to state a claim under Section 853(n)(6)(A).[27]

Thomas also fails to state a claim under Section 853(n)(6)(B) because she fails to allege that she was a bona fide purchaser for value. Thomas argues that she does not have to *prove* these allegations at the motion to dismiss stage. This is true. But courts have repeatedly held that, "[i]f a third party fails to *allege* in its petition all elements necessary for recovery . . . the court may dismiss the petition without

---

[26] *Dong Dang Huynh*, 595 F. App'x 336 at 339.

[27] *See id.* (affirming a dismissal of a petition that did not allege an interest before conspiracy began); *see also Timley*, 507 F.3d at 1130("[A] third party who had a legal interest in the forfeited property *before the underlying crime was committed* can prevail in the ancillary proceeding on the ground that he had an interest in the property before the government's interest vested." (emphasis added) (citing *United States v. Nava*, 404 F.3d 1119, 1129 (9th Cir. 2005))).

providing a hearing."[28]  Thomas has failed to do so.  Therefore the Court **GRANTS** the Government's motion to dismiss her petition.  Because the Court dismisses Thomas's petition on the merits, it **DISMISSES AS MOOT** the Government's motion to strike.

### D. Retail Ready Career Center

Retail Ready Career Center, Inc. (Retail Ready) filed a third party petition for adjudication of its interest in funds seized from a Bank of America account ending in 2653 and a Bank of America account ending 0252.  Retail Ready claims that these accounts, and the funds in those accounts, belonged to Retail Ready at the time of the seizures.  It claims that it acquired its right, title, and interest at the time the funds were deposited into the account.  In its response, it clarifies that it is challenging under Section 853(n)(6)(A), requiring it to prove its interest is superior to the Government's interest at the time of the commission of the act giving rise to forfeiture.

The Government moves to dismiss the petition on the ground that Retail Ready is Davis's alter ego, and therefore lacks standing, and for failure to state a claim. Even assuming that Retail Ready has standing,[29] and taking all the facts alleged as true, the petition has failed to state a claim for relief under Section 853(n)(6)(A).  The

---

[28] *Martinez*, 228 F.3d at 589 (emphasis added) (quoting *United States v. BCCI Holdings (Luxembourg), S.A.*, 919 F. Supp. at 36; *see also id.* ("We are satisfied that Congress intended to grant a third party the right to a hearing only when facts are in dispute that require resolution in order to resolve the claim.").

[29] Although the Court did not make an explicit finding that Retail Ready was Davis's alter ego, the Court found that Davis had sufficient control over the accounts such that the funds were his property.  Doc. No. 204 at 910.

petition alleges only that Retail Ready was the sole owner of the bank accounts at the time of the seizure in 2017, and that it acquired its right, title, and interest in the funds at the time the funds were deposited in the account. Retail Ready has not alleged any facts that it had an interest in the funds prior to the time the Government's interest vested.[30] Indeed, it likely cannot state such facts because it cannot have an interest in criminal proceeds under Section 853(n)(6)(A).[31]

Therefore, the Court **GRANTS** the Government's motion to dismiss Retail Ready's petition.

### E. Clear Conscience, LLC

Clear Conscience filed a third party petition for adjudication of its interest in the following forfeited property: up to $88,229.62 in equity plus appreciation in real property located at 195 North 200 West, Logan, Utah, and up to $84,929.75 in equity plus appreciation in real property located at 1408 West 2125 South, Wellsville, Utah. It claims that it acquired its right, title, and interest in the Wellsville property by Warranty Deed on February 16, 2016 and was the bona fide purchaser of the Wellsville property. It alleges that it acquired its right, title, and interest in the Logan property by warranty deed on April 11, 2017 and was the bona fide purchaser of the property. Clear Conscience claims that at all times, its interest has been superior to Davis's.

---

[30] Again, the Court looks to the petitioner's interest at the time of the offense, not at the time of the seizure. *See Dong Dang Huynh*, 595 F. App'x at 339 (affirming of dismissal where the petitioner did "not allege that they had an interest in the Funds before [the Defendant] conspired" and merely alleged the property was theirs, and not the defendants, once it was deposited into their bank account).

[31] *Timley*, 507 F.3d at 1130 (citing *Hooper*, 229 F.3d at 821–22).

11

The Government moves to dismiss for failure to state a claim and for lack of standing. Clear Conscience does not state under which prong of Section 853(n)(6) it seeks relief. However, the Court finds that it has failed to state a claim under either prong. Clear Conscience does not make any factual allegations that its interest is superior to the Government's or that it is a bona fide purchaser for value. Instead, it merely alleges that the two properties are titled in its name and offers legal conclusions that it is a bona fide purchaser. But courts have found that title[32] and legal conclusions[33] are insufficient to state a claim.

Therefore, the Court **GRANTS** the Government's motion to dismiss.

### F. Lake Forest Drive Properties, Inc.

Lake Forest Drive Properties, Inc. (Lake Forest Drive Properties) filed a third-party petition for adjudication of its interest in the property at 14888 Lake Forest Drive, Dallas, Texas. [Doc. No. 218]. It claims that it holds legal title to the property by a deed executed by Davis in October 2017 and claims that it would be entitled to any funds generated by the sale of the property that are not subject to forfeiture.

The Government moves to dismiss on the grounds that Lake Forest lacks standing as a nominee and that the petition fails to state a legal basis for its interest. Even assuming Lake Forest Drive Properties has standing,[34] the Court finds that it

---

[32] *Rafiq*, 2017 WL 2992540, at *3; *United States v. Edwards*, No. CRIM.A.06-50127-01, 2007 WL 2088608, at *2 (W.D. La. July 20, 2007) ("Simply put, the law requires more than a bare assertion of legal title to establish the nature and extent of petitioner's right, title or interest in the subject property.").

[33] *Emor*, 2013 WL 3005366, at *9.

[34] Davis created Lake Forest Drive Properties, Inc. after the initial seizures of his assets and transferred title in the same month. *See* Doc. No. 204 at 14 (recognizing that Davis allegedly

has failed to state a claim. Lake Forest Drive Properties's response to the Government's motion to dismiss confirms that it is not seeking relief that is available in an ancillary proceeding. Instead, it seeks to have the Court amend the preliminary order of forfeiture "to address what happens to any funds from the sale that are not subject to forfeiture."[35] But this is not a remedy an ancillary proceeding provides.[36] As the Court has explained, Section 853(n) provides the exclusive means by which a third party can prevail in an ancillary hearing.[37]

The Court therefore **GRANTS** the Government's motion to dismiss Lake Forest Drive Properties, Inc.'s petition.

### G. Melissa Richey

Melissa Richey filed a third-party petition for adjudication of her interest in One 2017 black Bentley Continental V8 (VIN: SCBFH7ZA0HC063118). [Doc. No. 225]. Richey's petition states that at the time of the seizure, the vehicle was titled in her name. The Government moves to dismiss on the grounds that (1) Richey lacks standing because Davis transferred title of the vehicle to her to avoid forfeiture, making her a nominee and (2) Richey's petition fails to state a claim. Richey did not respond to the Government's motion to dismiss.

---

transferred title to his residence to a nominee company). And Davis himself verified the third party petition as the sole shareholder of Lake Forest Drive Properties, Inc.

[35] Doc. No. 270 at 2.

[36] *BCCI Holdings, Luxembourg, S.A.*, 69 F. Supp. 2d at 58 ("[T]he only purpose of the ancillary hearing is to ensure that the forfeited property belongs to the defendant; it does not attempt to divide the defendant's estate among competing creditors." (cleaned up)).

[37] *Dong Dang Huynh*, 595 F. App'x at 338.

13

Even assuming Richey has standing,[38] the Court finds that she has failed to state a claim. She does not allege "the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property"[39] She merely alleges that "[a]t the time of seizure, the vehicle was titled to and belonged to [her]."[40] But courts have recognized that "[b]are allegations of legal title without sufficient facts do not establish a valid claim."[41] Taking the complaint as true, Richey alleges no facts entitling her to relief under either provision of Section 853(n)(6). The Court therefore **GRANTS** the Government's motion to dismiss Melissa Richey's third party petition.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** the Government's motions to dismiss and **DISMISSES AS MOOT** the Government's motion to strike. The Court therefore **DISMISSES** the third party petitions of Retail Ready Career Center, Inc. [Doc. No. 217]; Clear Conscience, LLC [Doc. No. 219]; Melissa Richey [Doc. No. 225]; Tess A. Davis [Doc. No. 222]; William Don West [Doc. No. 224]; Jody Elaine Thomas [Doc. No. 223]; and Lake Forest Drive Properties, Inc. [Doc. No. 256].[42]

---

[38] Richey is likely a nominee with no real legal interest. Davis transferred title to Richey the day after the Bentley was seized.

[39] 21 U.S.C. § 853(n).

[40] Doc. No. 255 at 1.

[41] *Rafiq*, 2017 WL 2992540, at *3; *Edwards*, 2007 WL 2088608, at *2 ("Simply put, the law requires more than a bare assertion of legal title to establish the nature and extent of petitioner's right, title or interest in the subject property.").

[42] The Court need not allow the petitioners an opportunity to replead. Section 853(n) requires a third party to file its petition within thirty days. Courts have recognized that once the thirty days expires, third parties may not amend their petitions to include new grounds for relief. *See Soreide*, 461 F.3d at 1355; *United States v. Klemme*, 894 F. Supp. 2d 1113, 1117 (E.D. Wis. 2012). Courts have also refused to consider arguments raised in the motion to dismiss briefing but not included in the original petition. *See United States v. Hoffman,* No. 11-238 DSD, 2012 WL 5351797, at *3 (D. Minn.

**IT IS SO ORDERED** this 2nd day of February, 2022.

_____
BRANTLEY STARR

UNITED STATES DISTRICT JUDGE

---

Oct. 30, 2012) ("[I]f a third party fails to allege in its petition all elements necessary for recovery . . . the court may dismiss the petition." (second alteration in original) (quoting *United States v. White*, 675 F.3d 1073, 1077 (8th Cir. 2012)). The civil standard is also persuasive here: the Court may deny leave to replead when amendment would be futile. *Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003).